UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Olga L. Bogdanov,</u>
<u>Chapter 7 Trustee</u>

    v.                                Civil No. 06-cv-384-JD

<u>B&H Foto & Electronics,</u>
<u>Corp., et al.</u>

O R D E R

Olga L. Bogdanov, Chapter 7 Trustee, filed adversary complaints against Concentra Integrated Services, Inc.; Nsight Technologies, LLC; B&H Foto & Electronics, Corporation; Physicians Specialty Hospital of El Paso East, L.P.; and Christus Health Corporation in the United States Bankruptcy Court for the District of New Hampshire. When the defendants failed to respond within the time allowed, the bankruptcy court entered defaults against the defendants. The Trustee filed a motion in each case to withdraw the reference of the adversary proceedings, pursuant to 28 U.S.C. § 157(d). On September 29, 2006, the bankruptcy court issued its reports and recommendations on the motions, agreeing with the Trustee that the reference should be withdrawn as to all five adversary proceedings.[1]

The motions to withdraw the reference in each adversary proceeding were then filed as separate cases in this court, along with the bankruptcy court's recommendations that the references

---

[1] "Pursuant to 28 U.S.C. § 157(a) and the standing order of January 18, 1994, as it may be amended from time to time, the court refers cases and proceedings in bankruptcy to the bankruptcy court of this district."  LR 77.4(a).

be withdrawn.  After the Trustee consented to consolidation and the other parties failed to respond within the time allowed, the cases were consolidated to address the motions to withdraw the reference.

## Background

Amherst Technologies, LLC, and the related Debtors, filed voluntary Chapter 11 petitions on July 20, 2005.  The court granted the Debtors' motion for joint administration the next day.  The cases were converted to Chapter 7 proceedings, and Olga L. Bogdanov was appointed Trustee on October 21, 2005.

The Trustee filed adversary complaints against the defendants, seeking payment of accounts receivable for amounts that accrued in 2005 both before and after the bankruptcy petition was filed.  The complaints each allege a single claim, pursuant to 11 U.S.C. § 542, that the amounts due from each defendant are property of the bankruptcy estate which must be turned over to the Trustee.  In support of the motions to withdraw the reference, the Trustee asserts that the complaints involve both core and non-core proceedings, under 28 U.S.C. § 157(c), so that judicial economy would favor withdrawal of the reference under § 157(d).

The joint administration of the bankruptcy actions and the adversary proceedings are all assigned to Bankruptcy Judge J. Michael Deasy.  Judge Deasy recommends that the Trustee's motions be granted as to all five adversary proceedings because each proceeding includes core and non-core matters.

Discussion

Bankruptcy courts have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."  28 U.S.C. § 157(b)(1).  With respect to a non-core proceeding that is related to a core proceeding, the bankruptcy judge may hear the matter but must

> submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).  28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Courts have interpreted "for cause shown" to include such relevant factors as promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, preserving the debtors' and creditors' resources, and judicial economy.  See, e.g., In re Canter, 299 F.3d 1150, 1154 (9th Cir. 2002); In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990); Childs v. Gallagher, 342 B.R. 823, 827 (M.D. Ala. 2006).

In support of the recommendation that the motions be granted, Judge Deasey explains that the amounts claimed from the defendants are based on accounts receivable that became due both

3

before the bankruptcy petition was filed and after filing. Proceedings that seek an order to turn over property of the estate pursuant to 11 U.S.C. § 452(b), such as post-petition accounts receivable, are core proceedings. 28 U.S.C. § 157(b)(2)(E); Beard v. Braunstein, 914 F.2d 434, 445 (3d Cir. 1990). A majority of courts have held, however, that claims seeking pre-petition accounts receivable are actionable as breach of contract claims under state law and are not core proceedings. See, e.g., In re Apex Exp. Corp., 190 F.3d 624, 631-32 (4th Cir. 1999) (citing cases); In re Nat'l Audit Defense Network, 332 B.R. 896, 911 (Bankr. D. Nev. 2005).

The bankruptcy court is authorized to enter final judgment as to the Trustee's claim under § 452(b) for the post-petition accounts receivable. With respect to the pre-petition amounts, which are non-core matters, the bankruptcy court is authorized only to issue proposed findings and conclusions, which would be submitted to the district court for de novo review and entry of judgment. § 157(c)(1). Because the bankruptcy court cannot enter judgment as to the non-core parts of the Trustee's claims, absent consent of the parties, those matters would entail the same review by both courts. See § 157(c)(2); Growe v. Bilodard Inc., 325 B.R. 490, 492-93 (D. Me. 2005).

The bankruptcy court's docket shows 659 docket entries during the year and three months the case has been pending there. The case has generated other adversary proceedings, many of which have been resolved. Judge Deasey is familiar with the case and with the dispositions in the other adversary proceedings. It

4

would be in the interest of uniformity in the administration of the case and in the interest of preserving resources to have Judge Deasey preside over the five adversary proceedings at issue here, despite the combination of core and non-core proceedings. In these circumstances, the better course is to allow the bankruptcy court to provide a single forum for all of the issues and claims that have arisen in the case.

## Conclusion

For the foregoing reasons, the Trustee's motions to withdraw the reference (document no. 2 in each case) are denied. The clerk of court shall close this case and the other four cases that are consolidated into this case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 14, 2006

cc:  Geraldine L. Karonis, Esquire
     Olga L. Bogdanov, pro se
     Concentra Integrated Services, Inc.
     Nsight Technologies, LLC
     B&H Foto & Electronics Corp.
     Physicians Specialty Hospital of El Paso East, L.P.
     Christus Health Corp.
     U.S. Bankruptcy Court – NH, Clerk